UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN JONES, FRANK and DENISE
TRAINA, VIVIAN S. PEREZ, ANDREW
and ESTELLA ALVAREZ , and
CATHLEEN CRUZ,

    Plaintiffs,

v.                                              Case No. 8:04-cv-2458-T-23EAJ

HONEYWELL INTERNATIONAL, INC;
HONEYWELL, INC. (collectively known as
"HONEYWELL"); SYPRIS ELECTRONICS,
LLC (f/k/a Group-Tech, f/k/a Group
Technologies Corporation as successors-
in-interest to Honeywell Defense
Communications and Production Division
and Philips Circuit Assemblies); and
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, as Parent Company of
Philips Circuit Assemblies ("Phillips),

    Defendants.
_____/

**ORDER**

The plaintiffs move (Doc. 22) to remand this action, originally removed by two of three defendants based on alleged diversity of citizenship. The plaintiffs assert both (1) the failure of the defendants to procure the required unanimous subscription of all defendants to the removal and (2) the lack of complete diversity of citizenship between plaintiffs and defendants, owing to the presence of both Florida plaintiffs and one Florida defendant. On the other hand, the defendants (Doc. 29) oppose remand and

assert that, because no possible claim exists by the plaintiffs against the Florida defendant, joinder of the Florida defendant is fraudulent, which excludes the Florida defendant from those defendants among whom unanimity is required in order to effect removal.  (The parties exchange several additional and heated volleys over other matters, including their respective timeliness in various respects, all of which matters are unnecessary to the resolution of the remand question.)

Of course, the removal to federal court of a matter pending in state court (especially a matter presenting a novel or otherwise unsettled question of state law) evokes concern for maintenance of the proper relation between federal and state courts.  Owing to this concern, the removal statute is construed strictly, precise compliance with prescribed procedure is required, and any fair doubt is resolved in favor of remand.  Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp. 2d 1220, 1221-22 (M.D. Ala. 1999).  As stated in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001):

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant.  See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989).  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

In this action, if the plaintiffs "possibly" state a claim against Sypris Electronics, LLC ("Sypris"), joinder of Sypris, alleged in the complaint to reside in Florida, is not fraudulent, and Sypris' inclusion as a defendant defeats the diversity jurisdiction of the district court. In the motion to remand (Doc. 22), the plaintiffs detail the theory of the putative claim against Sypris:

> [P]laintiffs have alleged in their complaint that a predecessor company to Sypris, Philips Circuit Assemblies (a/k/a Philips Components), did lease the land in question subsequent to Honeywell and committed tortious acts on the property. (Complaint at paragraph 6.) Furthermore, plaintiffs have alleged that these tortious acts committed by Philips Circuit Assemblies, as predecessor-in-interest to Sypris, caused and continue to cause damages to plaintiffs in the form of a continuing trespass and nuisance, each and every day that the contamination at issue remains and spreads onto and beneath the plaintiffs' properties. (Complaint at paragraphs 6-7, 30-33.)
>
> As discussed earlier, under Florida law, one in possession or control of land may be held liable for torts committed on or emanating from such real estate. See, e.g., Regency Lakes Apartments Associates and Arias, *supra*. Florida law further provides that a successor company may be held liable for the tortious acts committed by its predecessor in interest, depending on the circumstances of the merger or acquisition. See, e.g., Bernard v. Kee Manufacturing and Celotex v. Pickett, *supra*. . . .
>
> [P]laintiffs have alleged that Sypris is the successor in interest to earlier entities, including Philips Circuit Assemblies and Group Tech, who were lessees of the premises in question subsequent in time to Honeywell. . . .
>
>      . . . .
>
> At a very minimum, under Florida law, plaintiffs have a colorable claim against Sypris as a successor corporation to predecessor companies which contributed to the pollution at the site in question, or which knew about and had a duty to remediate or to warn about the spread of pollution from property they occupied or controlled. Plaintiffs' complaint alleges multiple counts against Sypris, a successor company to these earlier entities, sounding in negligence, strict liability, nuisance, trespass, and various other statutory and other common law causes of action.

In detailing the basis for a proposed defense, the defendants discuss one defendant's pollution of both the subject property and adjoining property and the consequent regulatory proceedings in Florida, antecedent litigation between the landowners and one defendant (resolved in the defendant's favor), the claimed residence of the parties and the assertion that Sypris is not a Florida resident, the several claims asserted against the defendants (the defendants state that "virtually all of the theories of liability urged by the plaintiffs rely on alleged duties and/or obligations arising out of [alleged] activity in discharging pollutants and/or causing contamination on the Property"), the particular allegations against Sypris, and the alleged details of Sypris' acquisition of Phillips.  Seeking to mount preclusive legal defenses, the defendants attach detailed acquisition documents and attribute legal consequences to the provisions of the documents.

Most strenuously, the defendants argue that Sypris' joinder is fraudulent because a claim against Sypris is impossible as a matter of law.  Sypris denies possession of the property during the contamination, and Sypris claims liability as a successor-in-interest requires the establishment of one of four conditions, none of which is possibly established because, say the defendants:

> GTC never "expressly or impliedly assume[d] obligations of" PCA with respect to the contamination at issue in this litigation.  See Bernard, 4089 So.2d at 1049.  To the contrary, GTC expressly did not assume those obligations when it acquired PCA.  (See supra at 6 through 8.)
>
> GTC's acquisition of PCA was not a "de facto merger."  See Corporate Express Office Products, Inc. v. Phillips, 847 So.2d 406, 413 (Fla. 2003) (with a merger, surviving corporation automatically becomes responsible for all obligations); Bernard, 409 So.2d at 1049 (exclusion of liabilities inconsistent with merger);

- 4 -

> GTC was not a "mere continuation of" PCA. Bernard, 409 So.2d at 1050 (no continuation where acquiring company pre-existed acquisition and included businesses beyond business of acquired company); Qualley v. International Air Service Company, Ltd., 595 So.2d 194, 196 and n.4 (Fla. 3d DCA 1992).
>
> There is no "fraudulent effort to avoid the liabilities of the predecessor." As noted, the liabilities of PCA with respect to the subject contamination were honestly and expressly addressed and refused. (See supra at 6 through 8.)

The defendants' response suggests several fertile grounds for defense. However, each proposed defense requires searching investigation of matters outside the complaint and shifts the district court from the task of determining whether the plaintiffs "possibly" allege a claim for relief against Sypris to the task of determining whether the plaintiffs will prevail and whether the defendants enjoy a complete defense. But the district court's job is not to resolve the dispute or even to adjudicate the merits of claims and defenses; the district court's job is merely to ascertain whether the plaintiffs "possibly" allege a legally cognizable claim. As noted in Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1380-81 (11th Cir. 1998):

> "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989)). The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court. See id.; Cabalceta, 883 F.2d at 1562. The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. Id. In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor. Id.

- 5 -

> . . . .
>
> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Crowe, 113 F.3d at 1538.

See also Tran v. Waste Management, Inc., 290 F. Supp. 2d 1286, 1293 (M.D. Fla. 2003) (and cases cited there).

A detailed review of the complaint and the parties' motions, memoranda, and other papers (including those seeking dismissal of the complaint [Docs. 13, 17, 18, 19]) reveals that, although the defendants appear to enjoy access to facially formidable defenses, the plaintiffs are not without at least a possibility of maintaining a claim against Sypris based on the present complaint.[1] Accordingly, because the defendants fail to exclude the possibility that the plaintiffs allege a valid claim against a Florida defendant, the plaintiffs' motion (Doc. 21) is **GRANTED** and this action is **REMANDED**

---

[1] The plaintiffs direct attention to Aramark Uniform and Career Apparel, Inc. v. Easton, 894 So.2d 20 (Fla. 2004), in which the Supreme Court of Florida states:

> We must decide whether a statute that allows suits for damages resulting from pollution creates a cause of action imposing liability without proof that the defendant caused the pollution . . . . For reason we explain below, we hold that the statute does create a strict liability cause of action for damages.

Aramark dramatically extends the liability of landowners. See DeMeo, Eldred, and Feuerstein, "Florida Supreme Court Takes Property Owners to the Cleaners: The Impact of Aramark v. Easton," 79-JUN Fla.B.J. 66 (2005) ("far-reaching implications for industries, businesses, and landowners in Florida who own or acquire contaminated property that has damaged adjoining or nearby properties"). The plaintiffs suggest that vindication of an Aramark claim for strict liability against Sypris is a mere eventuality in state court. Perhaps so; but, again, the district court's task is to judge whether a claim is merely "possible" and not to speculate whether the circuit court will permit or ultimately sustain the claim on remand. Of course, an Aramark claim against Sypris, when asserted by amendment, readily passes the "mere possibility" test that governs remand.

based upon 28 U.S.C. § 1447(c).[2]  The clerk is directed to close the case and provide a copy of this order to the clerk of the Circuit Court for Hillsborough County, Florida.

ORDERED in Tampa, Florida, on July 14, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Alternatively, the defendants oppose the plaintiffs' motion to remand by challenging the complaint's assertion that Sypris Electronics, LLC, is a citizen of Florida.  A limited liability company is a citizen of each state of which a "member" is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Sypris Electronics, LLC's, sole member is Sypris Solutions, Inc.  As a corporation, Sypris Solutions, Inc., enjoys the citizenship of both the "State by which it has been incorporated and [ ] the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The defendants claim that Sypris Solutions, Inc., is a citizen of Delaware, the state of incorporation, and also of Kentucky.  In support, the defendants rely on the affidavit of Michael Shuman, which provides a single paragraph claiming that the "sole member of Sypris [Electronics, LLC,] is Sypris Solutions, Inc., a Delaware corporation, which operates from a single place of business located at 101 Bullitt Lane, Suite 450, in Louisville, Kentucky."  The defendants next rely on the affidavit of Kathleen A. Kelley, which is skeletal and brief and presents only inadmissible and conclusory hearsay from Mr. Shuman to conclude that Sypris Solutions, Inc., is "a Delaware corporation with a principal place of business at Louisville, Kentucky."  Determination of a corporation's principal place of business requires inquiry into the "total activities" of the corporation.  Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir.1998).  The skimpy affidavits and the opposition to the motion to remand present absolutely nothing probative of the question of the "total activities" of the corporation, which determines the state of Sypris Solutions, Inc.'s, principal place of business.  Accordingly, the defendants fail to prove -- fail, in fact, to address meaningfully -- whether Sypris Solutions, Inc, is a citizen of Florida and fail to meet the burden of proving that diversity jurisdiction exists.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (the party removing an action bears the "burden of proving that federal jurisdiction exists" ).  (The affidavits submitted by the defendants imply that the operations of Sypris Solutions, Inc., comprise a single office in Kentucky.  However, Sypris Solutions, Inc.'s, most recent Form 10-K, filed with the Securities and Exchange Commission and readily available "on-line," reports that this publicly-traded enterprise [Symbol: SYPR] operates at least two large facilities in Florida.  The Form 10-K mentions the 10,800 square feet of office space in Kentucky but also details hundreds of thousands of square feet of facilities in other states, including the two sites in Florida, and in Mexico [209,000 sq. ft.].  However, nothing outside the record in this case contributed to the decision to remand.)